## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENT W. GAIN, SR., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  12-5964 |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                      December 4, 2013

Currently pending before the Court are Plaintiff Kent W. Gain, Sr.'s Objections to the

Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski.  For the

following reasons, the Objections are overruled and the Report and Recommendation is approved

and adopted.

## I.      PROCEDURAL HISTORY

On April 19, 2010,  Plaintiff Kent W. Gain, Sr. protectively an application for Disability

Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act, 42 U.S.C. § 301, et

seq.  (R. 115–16.)[1]  His claim alleged disability, since June 1, 2006, due to a degenerative

shoulder injury.  (Id. at 136, 140.)  The state agency denied Plaintiff's application on August 10,

2010, and Plaintiff timely requested a hearing before an administrative law judge ("ALJ").  (Id. at

70–73, 76.)  Following the hearing—at which Plaintiff and a vocational expert testified—ALJ

_____

[1]  For ease of discussion, citations to the administrative record will be referenced as "R.
[page number]."

Brian B. Rippel issued a decision, dated September 23, 2011, deeming Plaintiff "not disabled." (Id. at 20–68.)  On August 23, 2012, the Appeals Council denied Plaintiff's request for review, (id. at 1–3), making the ALJ's ruling the final decision of the agency.  See 20 C.F.R. § 404.972.

Plaintiff initiated the present civil action in this Court on October 19, 2012.  His Request for Review set forth three alleged errors, as follows: (1) the ALJ's residual functional capacity determination is unsupported by substantial evidence because the ALJ erred in weighing the August 17, 2011 opinion of treating physician Dr. Rill and the opinion of physician assistant Stabley; (2) the ALJ failed to apply the appropriate legal standards in assessing Plaintiff's credibility when he evaluated Plaintiff's daily activities, treatment, and limitations; and (3) the ALJ's Step 5 determination is unsupported by substantial evidence because the ALJ's hypothetical question to the vocational expert was incomplete, and both the vocational expert and ALJ failed to identify the Dictionary of Occupational Titles codes for the jobs that the vocational expert determined Plaintiff could perform.  On October 15, 2013, United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation ("R&R") recommending that Plaintiff's Request for Review be denied and that judgment be entered in favor of Defendant.

Plaintiff filed Objections to the R&R on October 21, 2013, asserting the following:  (1) the Magistrate Judge's recommendation that the ALJ gave proper weight to the opinion of Plaintiff's treating physician, Dr. Rill, should be rejected; (2) the Magistrate Judge's recommendation that the ALJ's credibility findings were supported by substantial evidence should be rejected; and (3) the Magistrate Judge's recommendation that the ALJ's Step 5 determination was supported by substantial evidence should be rejected.  Defendant submitted a Response to the Objections on October 25, 2013, making this matter ripe for judicial review.

2

II.     **STANDARD OF REVIEW**[2]

      A.     <u>**Standard for Judicial Review of an ALJ's Decision**</u>

      It is well-established that judicial review of the Commissioner's decision is limited to determining whether "substantial evidence" supports the decision. <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 118 (3d Cir. 2000). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999) (quoting <u>Pierce v. Underwood</u>, 487 U.S. 552, 564–65 (1988)). When making this determination, a reviewing court may not undertake a de novo review of the Commissioner's decision and may not re-weigh the evidence of record. <u>Monsour Med. Ctr. v. Heckler</u>, 806 F.2d 1185, 1190 (3d Cir. 1986). In other words, even if the reviewing court, acting de novo, would have decided the case differently, the Commissioner's decision must be affirmed when supported by substantial evidence. <u>Id.</u> at 1190–91; <u>see also</u> <u>Gilmore v. Barnhart</u>, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005) (holding that the court's scope of review is "'limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact'") (quoting <u>Schwartz v. Halter</u>, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001)).

      B.     <u>**Standard of Review of Objections to a Report and Recommendation**</u>

      Where a party makes a timely and specific objection to a portion of a report and recommendation by a United States Magistrate Judge, the district court is obliged to engage in de

---

    [2]  The five-step sequential analysis for assessing a disability claim was adequately summarized by the Magistrate Judge. In lieu of repeating that discussion, the Court incorporates by reference this portion of the R&R into this Memorandum.

novo review of only those issues raised on objection. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In so doing, a court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1). The court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. See United v. Raddatz, 447 U.S. 667, 676 (1980).

## III.    DISCUSSION

### A.    Duplicative Objections

Plaintiff's First and Third Objections rely almost exclusively on the briefing and arguments presented to the Magistrate Judge. As such objections are improper under the Federal Rules of Civil Procedure, the Court declines to review them.

Federal Rule of Civil Procedure 72 provides that a party may serve and file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72. Local Rule of Civil Procedure 72.1 goes on to indicate that such written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." E.D. Pa. R. 72.1(IV)(b). In other words, an objecting party must identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge. As succinctly explained by one federal district court:

> If the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the [Federal Rule of Civil Procedure], can in good conscience complain to the district judge that an objection to a particular finding or

> recommendation is "well grounded in fact and is warranted by existing law or a good
> faith argument for the extension, modification or reversal of existing law . . ." The
> federal procedural scheme thus calls for rifle-shot objections, and its legitimate
> purposes are frustrated by a vague gunshot blast . . .

Sackall v. Heckler, 104 F.R.D. 401, 402–03 (D.R.I. 1984); see also Goney v. Clark, 749 F.2d 5, 6

(3d Cir. 1984) ("We are satisfied that providing a complete de novo determination where only a

general objection to the report is offered would undermine the efficiency the magistrate system

was meant to contribute to the judicial process.").  Repeatedly, courts, both within and outside of

the Third Circuit, have held that objections which merely rehash arguments presented to and

considered by a magistrate judge are not entitled to de novo review.  See, e.g., Edmond v.

Collins, 8 F.3d 290, 293 n. 7 (5th Cir. 1993) (holding that "[a]lthough petitioner filed written

objections to the magistrate's findings, these objections consisted solely of a copy of the brief

filed to support the original habeas petition to the district court. . . . [Petitioner] thus did not raise

a factual objection by merely rearguing arguments contained in the original petition"); Palmer v.

Astrue, No. Civ.A.09–820, 2010 WL 1254266, at *2 (E.D. Pa. Mar. 31, 2010) ("If . . . objections

to a Report merely reiterate arguments previously raised before a magistrate, de novo review is

not required."); Nghiem v. Kerestes, No. Civ.A.08–4224, 2009 WL 960046, at * 1 n.1 (E.D. Pa.

Apr. 3, 2009) (declining to engage in additional review of objections where the objections merely

re-articulated all the claims and theories for relief that were addressed and dismissed by the

magistrate judge), aff'd, 410 F. App'x 490 (3d Cir. 2011); King v. Caruso, 542 F. Supp. 2d 703,

706 (E.D. Mich. 2008) (noting that objections to a report and recommendation that merely

summarize what was brought before the magistrate judge are not sufficient to alert the district

court to alleged errors by the magistrate judge); Smith v. City of N. Charleston, 401 F. Supp. 2d

530, 533 (D.S.C. 2005) (holding that objections to a magistrate judge's report and recommendation that consisted of rehashing the arguments made to the magistrate judge did not warrant de novo review since they did not cite specific conclusions of the report that were erroneous); Betancourt v. Ace Ins. Co. of P.R., 313 F. Supp. 2d 32, 34 (D.P.R. 2004) (finding that where objections are an "exact duplicate" of arguments raised to the magistrate judge, the objections "do not reflect an understanding that a plaintiff may not simply restate the arguments that the Magistrate Judge considered and expect the Court to treat the filing seriously"); Sanford v. Principi, No. Civ.A.00–502, 2002 WL 32334396, at *1 (S.D. W.Va. Sept. 26, 2002) (holding that objections that fail to direct the district court to any specific error by the magistrate judge do not trigger de novo review because such objections "prevent[ ] the district court from focusing on disputed issues and thus render[ ] the initial referral to the magistrate judge useless"), aff'd, 60 F. App'x 473 (4th Cir. 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (stating that it is "improper . . . to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge").

In the present case, Plaintiff's first and third Objections suffer from this precise defect as they simply rehash Plaintiff's Memorandum before the Magistrate Judge, albeit on much more abbreviated grounds. Indeed, the argument in support of the first Objection specifically refers back to Plaintiff's brief in support of his Request for Review. To now re-address these issues would duplicate the thorough efforts of the Magistrate Judge and defeat any judicial efficiency gained by the report and recommendation process. As this Court finds no clear error or manifest

injustice in the R&R, we overrule such duplicative Objections.

**B.      Whether the R&R Improperly Relied on a Post Hoc Rationalization for the ALJ's Credibility Finding**

Plaintiff's only remaining cognizable Objection challenges the Magistrate Judge's upholding of the ALJ's credibility determination.  It is well established that an ALJ is required to "give serious consideration to a claimant's subjective complaints of pain [or other symptoms], even where those complaints are not supported by objective evidence." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (citing Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985)). Objective evidence of the symptoms themselves need not exist, although there must be objective evidence of some condition that could reasonably produce them. Green v. Schweiker, 749 F.2d 1066, 1070–71 (3d Cir. 1984).  Where medical evidence supports a claimant's complaints, the "complaints should then be given 'great weight' and may not be disregarded unless there exists contrary medical evidence." Mason, 994 F.2d at 1067–68 (quotations omitted).  The ALJ, however, "has the right, as the fact finder, to reject partially, or even entirely, such subjective complaints if they are not fully credible." Weber v. Massanari, 156 F. Supp. 2d 475, 485 (E.D. Pa. 2001) (citing Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974)).

Under 20 C.F.R. § 404.1529(c)(3), the kinds of evidence that the ALJ must consider, in addition to the objective medical evidence, when assessing the credibility of an individual's statements include: the individual's daily activity; location, duration, frequency, and intensity of the individual's symptoms; factors precipitating and aggravating the symptoms; the type, dosage, effectiveness, and side effects of medication taken to alleviate the symptoms; treatment, other than medication, received for relief of the symptoms; any non-treatment measures the individual

uses to relieve pain or symptoms; and other factors concerning the individual's functional

limitations and restrictions due to pain or other symptoms.  20 C.F.R. § 404.1529(c)(3).

Moreover, the ALJ should account for the claimant's statements, appearance, and demeanor;

medical signs and laboratory findings; and physicians' opinions regarding the credibility and

severity of plaintiff's subjective complaints.  Weber, 156 F. Supp. 2d at 485 (citing Social

Security Ruling ("SSR") 96-7p, 1996 WL 374186 (S.S.A. 1996)).  Ultimately, the ALJ's

"'determination or decision must contain specific reasons for the finding on credibility, supported

by the evidence in the case record, and must be sufficiently specific to make clear to the

individual and to any subsequent reviewers the weight the adjudicator gave to the individual's

statements and the reasons for that weight.'"  Schwartz v. Halter, 134 F. Supp. 2d 640, 654 (E.D.

Pa. 2001) (quoting SSR 96-7p; Schaudeck v. Comm'r of Soc. Sec. Admin.,  181 F.3d 429, 433

(3d Cir. 1999)).

    In the present case, the ALJ concluded that Plaintiff's "medically determinable

impairments could reasonably be expected to cause the alleged symptoms; however, the

claimant's statements concerning the intensity, persistence and limiting effects of these

symptoms are not credible to the extent they are inconsistent with the above residual functional

capacity assessment."  (R. 27.)  Plaintiff's subsequent Request for Review of this ruling claimed

that the ALJ's credibility determination was faulty because Plaintiff's limited daily

activities—such as driving infrequently, weeding, cooking, watching TV, reading, and

occasionally attending church—bolstered Plaintiff's testimony about his inability to work in a job

on a regular and continuing basis.  Plaintiff further argued that the ALJ failed to recognize that

much of his treatment was unsuccessful and disregarded Plaintiff's statements that he could not

8

do many things such as opening jars, tying shoes, or fastening buttons with his left hand.

Ultimately, the Plaintiff contended that it was improper for the ALJ to find Plaintiff's statements

not fully credible simply because they were inconsistent with his own RFC finding.

      The Magistrate Judge rejected Plaintiff's argument, citing to the evidence put forth by the

ALJ, and then adding the following:

> Furthermore, Plaintiff's own statements about his daily activities in his Adult
> Function Report from July, 2010 undermine the credibility of his subjective
> complaints.  In his testimony before the ALJ, Plaintiff reported that he had difficulty
> opening jars, was limited in his ability to cook, shop for groceries, and drive; and he
> could no longer hunt or split wood and needed to lie down for two-thirds of the day.
> . . . However, in his Adult Functioning Report, Plaintiff indicated that he engaged in
> a wide range of activities. . . . These included doing minor chores and repairs,
> assisting an elderly neighbor with errands, exercising his dog, making small car
> repairs, splitting wood with a mechanical splitter, shopping three to four times a
> week for an hour or more each time, taking out the trash, gardening, driving, and
> roller blading.
>
> As discussed above, the ALJ properly considered and weighed the medical
> evidence and Plaintiff's own statements.  I find the ALJ's reasoning is appropriate
> and supported by the record.  Moreover, the ALJ partially credited Plaintiff's
> testimony, to the extent it was consistent with the medical evidence, and found him
> capable of sedentary work with restrictions. . . . Thus, the ALJ properly addressed
> Plaintiff's credibility.

(R&R 15–16 (internal citations and footnotes omitted).)

      Plaintiff now argues that the Magistrate Judge's reliance on Plaintiff's Adult Functioning

Report was erroneous because it was not cited by the ALJ and, under well-established

jurisprudence, the Commissioner may not offer a post hoc rationalization for an ALJ's decision.

      The Court finds no merit to this Objection on several grounds.  First, plain review of the

ALJ's decision reveals that the ALJ did not blanketly discount Plaintiff's credibility.  Rather, he

thoroughly reviewed the medical evidence, medical opinions, and Plaintiff's testimony to agree

that Plaintiff was, in fact, highly restricted by his impairments.  The ALJ's residual functional capacity assessment then limited Plaintiff to sedentary work with the following additional restrictions: (a) he must have a sit/stand option allowing him to alternate between intervals of sitting (up to 60 minutes) and standing (up to 40 minutes) throughout the workday; (b) he can do no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, or crawling; (c) he can do no work that requires climbing ladders, ropes, or scaffolds; (d) he can do no more than frequent reaching (including overhead) with the non-dominant left arm; (e) he can do no more than frequent left handling and fingering with the non-dominant left arm; and (f) he must avoid concentrated exposure to cold, wetness, and hazardous machinery and unprotected heights.  (R. 26.)  Thus, far from discrediting Plaintiff's testimony, the ALJ actually gave Plaintiff's complained-of limitations a great degree of weight.  Only to the extent that Plaintiff testified that his symptoms were even more work-preclusive than this already limiting RFC did the ALJ determine he was not credible.

Second, the ALJ's written credibility assessment withstands a substantial evidence review.  The ALJ considered Plaintiff's activities of daily living, objective medical tests including MRIs and EMG evaluations, medical evaluations, the extent of Plaintiff's medical treatment, and medical source opinions.  (R. 27–28.)  The ALJ specifically noted that medical records showed moderate limitations and that, in post-surgery medical visits, Plaintiff reported "doing quite well" with "excellent upper extremity motor power."  (R. 28, 378, 380.)  The ALJ further commented that Plaintiff's daily activity, while limited, was consistent with the restrictive residual functional capacity.  (Id. at 27.)  Finally, the ALJ remarked that although diagnostic records supported the existence of a limiting impairment, they did not support a finding of

10

disability.  (R. 27–28.)  These considerations reflect proper application of the correct legal standards and were all well within the ALJ's scope of review pursuant to 20 C.F.R. § 404.1529(c)(3).  Taken collectively, such evidence would be adequate to support the conclusion that Plaintiff's claims of a completely disabling injury were not entirely credible.  While reasonable minds could arguably disagree, the substantial evidence standard of review requires that the Court sustain the ALJ's finding.[3]

Third, to the extent the Magistrate Judge relied on the Adult Functioning Report to bolster the ALJ's credibility finding, the Court finds no improper post hoc argument.  The ALJ expressly remarked that he " must make a finding on the credibility of the statements based on a consideration of the entire case record."  (R. 27.)  Thereafter, the ALJ noted that Plaintiff's activities of daily living undermined the complained-of intensity, persistence, and functionally limiting effects of his symptoms.  From this ruling, it is easily inferrable that the ALJ, in reviewing the "entire case record" considered the activities of daily living clearly set forth in Plaintiff's Adult Function Report, which was clearly part of the administrative record.  While a more explicit citation to this evidence would have been helpful for purposes of judicial review, the Court can infer that the ALJ's decision was at least partially based on this evidence.

Finally, even assuming the ALJ completely disregarded the Adult Function Report, the

_____

[3]  Plaintiff contends that, even considering Defendant's post-hoc citation to the Adult Disability Report, "it is unclear how the listed activities undercut Plaintiff's credibility regarding his inability to work on a regular and continuing basis."  (Pl.'s Objections 3.)  The Court finds no merit to this argument.  In the Adult Functioning Report, Plaintiff admitted to working on the computer, making phone calls, preparing meals, doing minor chores or repairs, running errands for his elderly neighbor, doing small car repairs, splitting wood with mechanical splitters, taking out the trash, gardening, driving, and going out as frequently as possible in the summer.  (R. 161–66.)  If anything, such activities support a far less restrictive RFC than the one actually imposed by the ALJ.

Magistrate Judge's reliance on this evidence to affirm the ALJ's credibility assessment does not constitute grounds for remand.  The Third Circuit has made clear that remand of a case is not required where stricter compliance with a social security ruling or regulations would not have changed the outcome of the case.  Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with social security ruling would not have changed the outcome of the case); see also Corley v. Barnhart, 102 F. App'x 752, 755 (3d Cir. 2004) (finding that failure to afford heightened credibility to social security claimant's testimony due to long and productive work history was harmless error where claimant did not otherwise establish a work-preclusive impairment).  "No principle of administrative law 'require[s] that we convert judicial review of agency action into a ping-pong game' in search of the perfect decision." Coy v. Astrue, No. Civ.A.08-1372, 2009 WL 2043491, at *14 (W.D. Pa. July 8, 2009) (quoting NLRB v. Wyman–Gordon Co., 394 U.S. 759, 766 n. 6 (1969)); see also Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989).  In this case, were the Court to remand for a new credibility analysis, the ALJ could simply bolster his conclusion by citation to the Adult Functioning Report.  Such an exercise would be time-consuming with no clear benefit to Plaintiff.  As such, the Court finds that remand is unwarranted.

## III.    CONCLUSION

    For all of the foregoing reasons, the Court will overrule Plaintiff's Objections and adopt the Report and Recommendation in its entirety.  An appropriate Order follows.